UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE LEE,

    Plaintiff,

v.

    Case Number: 11-14998
    Honorable Victoria A. Roberts

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S CLAIM FOR BAD FAITH (DOC. #29)**

### I. INTRODUCTION

Horace Lee ("Plaintiff") claims that Liberty Mutual Insurance Company ("Defendant") breached its insurance contract with him by improperly denying his claim for fire loss. Plaintiff alleges three causes of action: Breach of Contract (Count 1); "Bad Faith" (Count 2); and Declaratory Judgment (Count 3).

Before the Court is Defendant's Motion for Partial Summary Judgment Regarding Plaintiff's Claim for Bad Faith (Doc. # 29). This motion is fully briefed. Because Michigan law does not recognize bad-faith breach of an insurance contract as a separate and independent tort, Plaintiff's claim for Bad Faith fails as a matter of law.

Accordingly, the Court **GRANTS** Defendant's motion for partial summary judgment. Plaintiff's claim for Bad Faith (Count 2) is **DISMISSED** with prejudice. The hearing on this motion scheduled for December 3, 2013 at 2:00pm is cancelled.

### II. BACKGROUND

This case arises out of a fire at Plaintiff's house which occurred late in the

evening on October 22, 2010. On the date of the fire, Plaintiff had a homeowner's insurance policy with Defendant that covered fire loss.

On October 28, 2010, Kevin Pike, one of Defendant's fire investigators, conducted an origin and cause investigation of the fire. Mr. Pike concluded that the fire was incendiary in nature. Mr. Pike's conclusion was based – at least in part – on his inability to find an accidental cause for the fire.

In November 2010, Defendant assigned Plaintiff's claim to Kevin O'Reilly, one of its special investigators. On November 24, 2010, Plaintiff filed a proof of loss with Defendant for damages sustained as a result of the fire. Throughout the remainder of 2010 and into 2011, Mr. O'Reilly investigated Plaintiff's claim. As part of his investigation, Mr. O'Reilly: (1) reviewed Mr. Pike's origin and cause report; (2) remained in contact with Detective Kevin Crittenden, a fire investigator for Redford Township Police Department who was investigating the fire at Plaintiff's residence; (3) interviewed Plaintiff on December 10, 2010, regarding the night of the fire; and (4) interviewed witnesses provided by Plaintiff.

Throughout the investigation process, Plaintiff maintained that he did not know how the fire started and that he did not start the fire. Plaintiff said he was at two different bars and also visited his sister the night of the fire.

On June 2, 2011, Mr. O'Reilly recommended to Defendant that it deny Plaintiff's claim on the basis of material misrepresentation and fraud. Defendant sent Plaintiff a letter denying his claim on June 14, 2011.

On July 7, 2011, Plaintiff filed this action in Wayne County Circuit Court for wrongful denial of coverage; Defendant removed to this Court.

In January 2012, Plaintiff was criminally charged with two counts of arson and one count of insurance fraud in relation to the fire at his home. In August 2012, Plaintiff was tried before a jury at Wayne County Circuit Court for each offense. Plaintiff was not convicted of any of the three charges.

In February, 2013, Plaintiff filed a Second Amended Complaint alleging – among others – a claim for Bad Faith. This motion followed.

### III.   STANDARD OF REVIEW

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). On a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### IV.   ANALYSIS

In support of his claim for Bad Faith, Plaintiff says Defendant and/or its agents: (1) denied his claim in bad faith and without good cause in an attempt to exert financial pressure, stress, and emotional distress on him; (2) wrongfully accused him of arson; (3) willfully breached the insurance policy; (4) repeatedly contacted Detective Crittenden and other law enforcement officials to determine when they would bring criminal charges; (5) failed to conduct a thorough investigation by waiting several months before contacting the witnesses he provided and by conducting an inadequate origin and cause investigation; and (6) failed to comply with the National Fire Protection Association's guide to fire investigations in concluding that the fire's cause was incendiary in nature

rather than undetermined.

Defendant says Plaintiff's allegations of bad faith do not set forth a recognizable cause of action under Michigan law in this breach of insurance contract suit.

Defendant is correct. It is well-settled that Michigan law does not recognize bad-faith breach of an insurance contract as a separate and independent tort. *See Kewin v. Mass. Mut. Life Ins. Co.*, 409 Mich. 401, 423 (Mich. 1980); *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 401-02 (Mich. App. 2006); *Burnside v. State Farm Fire and Cas. Co.*, 208 Mich. App. 422, 425, n.1 (Mich. App. 1995)(citing *Runions v. Auto-Owners Ins. Co.*, 197 Mich. App. 105, 110 (Mich. App. 1992)

In his response to Defendant's motion, Plaintiff summarily states that his Bad Faith claim should survive because "a contract-based claim for breach of the implied covenant of good faith in investigating and paying an insurance claim is viable in Michigan." *See No Limit Clothing, Inc. v. Allstate Ins. Co.*, No. 09-13574, 2011 WL 96869, at *3 (E.D. Mich. Jan. 12, 2011).

However, *No Limit* does not save Plaintiff's claim for Bad Faith from dismissal. In *No Limit*, the court held that "Michigan Courts - and federal courts applying Michigan law - have long held that breach of an insurance contract, even if done in bad faith, does not give rise to a separate and independent tort claim...Rather, there must exist some tortious conduct wholly independent of the contractual breach." *Id.* (citations omitted).

Moreover, the court in *No Limit* held that "even if the insurer had engaged in bad faith conduct in its dealing with the insured, this finding would not have entitled the insured to any additional damages beyond those available for the breach of contract

4

claim." *Id.* at \*4 (citing *Sterling Heights v. United Nat'l Ins. Co.*, No. 03-72773, 2006 WL 212030, at \*9 (E.D. Mich. Jan. 27, 2006); *Sterling Heights*, Tr. of Mar. 15, 2006 Mot. Hr'g, Doc. # 569-2, at 4:7-6:2). Indeed, "[i]n the commercial contract situation, ... [t]he wrong suffered by the plaintiff is the same, whether the breaching party acts with a completely innocent motive or in bad faith." *See id.* (quoting *Kewin*, 409 Mich. at 420). Additionally, "[a]n insurer's good or bad faith is irrelevant to the applicability of the Michigan Insurance Code provision that assesses a 12% penalty interest for failure to timely pay benefits to an insured." *Id.* Ultimately, the *No Limit* court dismissed plaintiff's bad faith claim for "fail[ing] to state a claim upon which relief can be granted." *Id.* at \*6.

Because a finding of bad faith would not entitle Plaintiff to any additional damages and no tort for bad-faith breach of an insurance contract exists under Michigan law, Plaintiff's claim for Bad Faith fails as a matter of law. *See id.*, at \*3-4, 6.

### IV.  CONCLUSION

Defendant's motion for partial summary judgment is **GRANTED**. Plaintiff's claim for Bad Faith (Count 2) is **DISMISSED** with prejudice.

**IT IS ORDERED**.

        /s/ Victoria A. Roberts
        Victoria A. Roberts
        United States District Judge

Dated: 11/20/13